Affirmed and Memorandum Opinion filed January 20, 2005









Affirmed
and Memorandum Opinion filed January 20, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00294-CR

NO.
14-04-00295-CR

____________

 

NORMAN EDWARD
CARRIO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause Nos. 356,220
& 356,221

 



 

O P I N I O N

This is an appeal from the denial of
appellant=s post-conviction motion for DNA testing
under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings a single issue in which he
contends he received ineffective assistance of counsel in his post-conviction
attempt to obtain DNA testing.

 

 








Background

Appellant entered pleas of not guilty to
the offenses of murder and attempted murder. 
On April 27, 1983, he was convicted and a jury assessed punishment at
confinement for sixty years and a $10,000 fine on the murder case and
confinement for twenty years and a $5000 fine on the attempted murder case.  Appellant=s convictions were
affirmed on July 12, 1984.  Carrio v.
State, 14-83-334-CR & 14-83-355-CR (Tex. App.CHouston [14th
Dist.] July 12, 1984, pet. ref=d).  On June 3, 2002, appellant requested
appointment of counsel to assist in requesting DNA testing.  On June 10, 2003, appellant=s appointed
counsel filed a request for DNA testing. 
The State presented evidence that certain forensic evidence was
destroyed prior to appellant=s request, and the
crime lab did not receive certain forensic evidence.  The trial court found appellant failed to
meet the requirements of article 64.03(a) of the Texas Code of Criminal
Procedure and denied appellant=s request.

Appellant filed a notice of appeal in this
court challenging the trial court=s ruling.  Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant filed a
pro se response in which he contends he received ineffective assistance of
counsel in his post-conviction attempt to obtain DNA testing.  

Ineffective
Assistance of Counsel








Appellant contends his counsel was
ineffective because she failed to conduct an independent investigation to
determine if forensic evidence existed and had been preserved.  The Court of Criminal Appeals has not decided whether an
appellant may raise a claim of ineffective assistance arising from a hearing
under chapter 64 of the Code of Criminal Procedure.  Bell v. State, 90 S.W.3d 301, 307
(Tex. Crim. App. 2002).  Assuming such a
claim can be raised, to prevail on his claims appellant must first prove, by a
preponderance of the evidence, that his counsel=s representation fell below the
objective standard of professional norms. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984).

In assessing appellant=s claims, there is
a strong presumption that counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  We presume
counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Appellant has the burden to rebut this presumption by presenting
evidence illustrating why counsel did what he or she did.  See id.  An appellant cannot meet this burden when
counsel=s actions may have
been based on tactical decisions and the record does not specifically focus on
the reasons for counsel=s conduct.  See Bone v. State, 77 S.W.3d 828, 830
(Tex. Crim. App. 2002).  Without a motion
for new trial based on ineffective assistance, the record is silent as to why
counsel acted as she did.  In the face of
a silent record, this court will not speculate about why counsel did or did not
take certain actions.  See Jackson,
877 S.W.2d at 771.  In the absence of any
evidence to the contrary, we cannot conclude the performance of appellant=s counsel was
deficient.  See id.  Appellant=s sole issue is
overruled.

The judgment of the trial court is
affirmed.

 

 

PER CURIAM

 

Judgment
rendered and Opinion filed January 20, 2005.

Panel consists
of Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).